United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANN MOLINA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:23-CV-060 |
| § | |
| MARTIN O'MALLEY, § | |
| § | |
| Defendant. § | |

# ORDER

Plaintiff Ann Molina filed an application for Social Security Disability and Supplemental Security Income benefits. After a Social Security Administrative Law Judge denied her request, she filed additional evidence for the Appeals Council to consider. The Appeals Council affirmed the denial of benefits, reasoning that the new evidence did not warrant a different outcome.

Molina filed a petition for review. (Complaint, Doc. 1) After full briefing, a United States Magistrate Judge recommended that the Court deny the Petition, affirming the Appeals Council's decision. (R&R, Doc. 15) Molina timely objected to the Report and Recommendation. (Objs., Doc. 16)

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Molina raises three objections to the R&R. (Objs., Doc. 16) None of the objections succeeds.

In her first two objections, Molina advances a broad challenge to the analysis within the R&R, arguing that the Magistrate Judge failed to consider certain regulations applicable to assessing medical opinions, "engaged in *post hoc* rationalizations", and inappropriately weighed new evidence. (Objs., Doc. 16, 1–6) The Court disagrees. Based on the record and the applicable law, and for the reasons articulated within the R&R, the Court concludes that the SSA's decision denying benefits to Molina should be affirmed. On the issue of the newly-offered evidence, the

R&R correctly concluded that the Appeals Council appropriately found that the newly offered evidence did not demonstrate "a reasonable probability that it would change the outcome of the [ALJ's] decision." (Notice of Appeals Council Action, Doc. 7–1, 6)  The Court must determine whether substantial evidence supports the Appeals Council's finding of non-materiality. *See Hardman v. Colvin*, 820 F.3d 142, 151 (5th Cir. 2016).  "[E]ven when new and material evidence submitted to an Appeals Council is 'significant' and 'casts doubt on the soundness of the ALJ's findings,' the Appeals Council does not err in refusing to review the claimant's case if it can be determined that substantial evidence nevertheless supports the ALJ's denial of benefits." *Id.*  A reviewing court considers whether the new evidence "dilute[s] the record to the point that the ALJ's ultimate finding is insufficiently supported." *Higginbotham v. Barnhart*, 163 F. App'x 279, 282 (5th Cir. 2006).  Courts have generally found new evidence that merely reaches different conclusions based on the same available facts as not diluting the record on which the ALJ relies. *See, e.g., Bond v. Comm'r of Soc. Sec.*, No. 4:20-CV-00053-O-BP, 2020 WL 7253369, at *4 (N.D. Tex. Dec. 10, 2020); *Barron v. Sec'y of Health & Hum. Servs.*, No. 1:09-CV-279-SAA, 2010 WL 3522797, at *3 (N.D. Miss. Aug. 30, 2010).

In the present case, the new evidence–i.e., the opinions from Dr. Juan Garcia and Nurse Practitioner Santiago Ramos–do not dilute the record to the point that the ALJ's ultimate finding is insufficiently supported.  The ALJ determined that Molina could still perform sedentary work.  She objects to this finding as inconsistent with the medical opinions. (*See* Objs., Doc. 16, 4–5)  But the objective medical evidence and Molina's testimony about her daily activities provided substantial evidence to support the ALJ's finding that she could perform sedentary work.  While the medical opinions could support a finding that Molina experiences slightly more limitations than the ALJ found, the opinions do not undercut the evidence to the point that the ALJ's opinion is unsupported by substantial evidence.  Indeed, the new opinions offer no new facts, but simply arrive at differing medical opinions based on the facts already available to the ALJ.

Molina also objects to the R&R's citation to and reliance upon Social Security Ruling 96-7p, which, as Molina accurately points out, SSR 16-3P repealed and replaced. (Objs., Doc. 16, 6; Social Security Ruling (SSR) 16-3P, 2016 WL 1119029, at *1 (Mar. 16, 2016)).  This objection, however, also fails to persuade.  As other courts have recognized, SSR 16-3P established a standard of review "substantially the same" as SSR 96-7p. *Olson v. Comm'r, SSA*, 843 F. App'x 93, 97 n.3 (10th Cir. 2021); *see also Coskery v. Berryhill*, 892 F.3d 1, 8 (1st Cir. 2018) (finding under either regulation, the ALJ's decision was supported by substantial evidence).  The Court concludes that applying SSR 16-3P does not alter the conclusion that the ALJ properly assessed Molina's symptoms.

As a result, the Court **OVERRULES** the objections that Molina presents and **ADOPTS** the Report and Recommendation (Doc. 15).  Accordingly, it is:

**ORDERED** that Plaintiff Ann Molina's Complaint (Doc. 1) is **DENIED**.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on July 26, 2024.

_____
Fernando Rodriguez, Jr.
United States District Judge